*PRELIMINARY PRINT*

Volume 605 U. S. Part 1

Pages 204–222

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

June 5, 2025

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published. Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

## BLOM BANK SAL *v.* HONICKMAN ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 23–1259.   Argued March 3, 2025—Decided June 5, 2025

Plaintiffs, who are victims and families of victims of terrorist attacks carried out by Hamas between 2001 and 2003, sued BLOM Bank SAL under the Anti-Terrorism Act for allegedly aiding and abetting the attacks by providing financial services to Hamas-affiliated customers.   BLOM argued that the complaint failed to state a claim, and plaintiffs repeatedly affirmed they would not seek to amend their complaint if it were dismissed.   The District Court dismissed the complaint with prejudice, finding that plaintiffs had not adequately alleged that BLOM had the requisite general awareness for aiding-and-abetting liability.   The court denied leave to amend because plaintiffs had declined several opportunities to amend and failed to identify additional facts they could allege. The Second Circuit affirmed the dismissal, finding that even though the District Court had applied too stringent a standard for the general awareness element, plaintiffs' claims still failed under the correct standard.   Following the affirmance, plaintiffs returned to the District Court and moved under Federal Rule of Civil Procedure 60(b)(6) to vacate the final judgment so that they could file an amended complaint to meet the Second Circuit's clarified standard.   The District Court denied the motion, ruling that the Second Circuit's clarification did not constitute the "extraordinary circumstances" required for Rule 60(b)(6) relief, and that plaintiffs' prior deliberate choices not to amend counseled against relief.   On appeal, the Second Circuit reversed, holding that when a party seeks Rule 60(b) relief to file an amended complaint, district courts must not apply Rule 60(b)(6)'s extraordinary circumstances standard in isolation but must instead balance Rule 60(b)'s finality principles with Rule 15(a)'s liberal amendment policy.

*Held*: Relief under Rule 60(b)(6) requires extraordinary circumstances, and this standard does not become less demanding when the movant seeks to reopen a case to amend a complaint.   A party must first satisfy Rule 60(b) before Rule 15(a)'s liberal amendment standard can apply. Pp. 210–217.

   (a) Rule 60(b)(6) is a catchall provision that provides relief from final judgment for "any other reason that justifies relief" beyond the specific grounds in Rules 60(b)(1)–(5).   The text and structure of Rule 60(b) make clear that this catchall provision is available only in narrow cir-

cumstances. It covers grounds not already covered by the preceding
five paragraphs, and a broad interpretation would improperly circum-
vent the time limitations of those paragraphs. The Court has consist-
ently held that relief under Rule 60(b)(6) requires "extraordinary cir-
cumstances," as first established in *Klapprott* v. *United States*, 335 U. S.
601, and reaffirmed in numerous subsequent decisions. This strict in-
terpretation is essential to preserve the finality of judgments. See
*Gonzalez* v. *Crosby*, 545 U. S. 524, 535. Pp. 210–213.

(b) The Rule 60(b)(6) standard does not change when a party seeks
to reopen a case to amend a complaint. In that circumstance, satisfac-
tion of Rule 60(b)(6) necessarily precedes any application of Rule 15(a).
Cf. *Waetzig* v. *Halliburton Energy Services, Inc.*, 604 U. S. 305, 311.
Rules 60(b) and 15(a) apply at different stages of litigation and require
separate inquiries. Rule 15(a)(2)'s direction that courts "should freely
give leave when justice so requires" governs pretrial amendments, but
does not apply when a case is closed following final judgment. A party
seeking Rule 60(b)(6) relief must demonstrate extraordinary circum-
stances regardless of what they intend to do if the case is reopened.
The Second Circuit's "balancing" approach is not consonant with Rule
60(b)(6) and this Court's precedents because it improperly dilutes Rule
60(b)(6)'s stringent standard. Pp. 213–214.

(c) Plaintiffs' arguments that the Second Circuit's approach is conso-
nant both with Rule 60(b)(6) and with this Court's precedents are unper-
suasive. Balancing the strict standards of Rule 60(b)(6) against the
more relaxed standards of Rule 15 necessarily weakens the former, and
is thus incompatible with this Court's long line of precedents holding
that Rule 60(b)(6) "should only be applied in 'extraordinary circum-
stances.'" *Liljeberg* v. *Health Services Acquisition Corp.*, 486 U. S.
847, 864. *Foman* v. *Davis*, 371 U. S. 178, does not suggest otherwise.
*Foman* dealt with Rule 59(e), which does not threaten the finality of
judgments to the same degree that Rule 60(b)(6) does. Thus, a Rule
59(e) movant is not required to show the same "extraordinary circum-
stances" to receive relief. See *id.*, at 181–182. Pp. 215–216.

(d) The Second Circuit's disposition of this case was incorrect. District
courts' Rule 60(b) rulings are reviewed "only for abuse of discretion."
*Browder* v. *Director, Dept. of Corrections of Ill.*, 434 U. S. 257, 263, n. 7.
The District Court's determination that plaintiffs failed to demonstrate
any extraordinary circumstances warranting relief under Rule 60(b)(6)
both applied the correct legal standard and provided "substantial justi-
fication" for its conclusion. *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S.
384, 405. The District Court's justifications for its decision align with
established Rule 60(b) doctrine that intervening legal develop-
ments rarely constitute extraordinary circumstances and that ex-

traordinary circumstances must suggest the movant is faultless in the delay. Pp. 216–217.

Reversed and remanded.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and ALITO, SOTOMAYOR, KAGAN, GORSUCH, KAVANAUGH, and BARRETT, JJ., joined, and in which JACKSON, J., joined as to all but Part III. JACKSON, J., filed an opinion concurring in part and concurring in the judgment, *post*, p. 217.

*Michael H. McGinley* argued the cause for petitioner. With him on the briefs were *Steven A. Engel*, *Tamer Mallat*, *Brian A. Kulp*, and *Christopher J. Merken.*

*Michael Radine* argued the cause for respondents. With him on the brief were *Gary M. Osen*, *Ari Ungar*, and *Dina Gielchinsky.*

JUSTICE THOMAS delivered the opinion of the Court.

Federal Rule of Civil Procedure 60(b) permits a district court to grant relief from a final judgment in limited circumstances. The Rule includes five provisions setting out specific grounds upon which parties may seek such relief. See Fed. Rules Civ. Proc. 60(b)(1)–(5). It also includes a catchall provision that allows a district court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. Rule Civ. Proc. 60(b)(6). We have consistently held that only "extraordinary circumstances" can justify relief under the Rule 60(b)(6) catchall. The question presented is whether this rigorous standard applies when a Rule 60(b)(6) movant seeks to reopen a case for the purpose of filing an amended complaint. We hold that it does.

I

A

Plaintiffs (respondents here) are victims and the families of victims of terrorist attacks carried out by Hamas between December 2001 and August 2003. On January 1, 2019, plain-

tiffs sued petitioner BLOM Bank SAL (BLOM), an international bank, under the Anti-Terrorism Act, as amended by the Justice Against Sponsors of Terrorism Act (JASTA), 18 U. S. C. § 2333(d). They alleged that BLOM aided and abetted Hamas's commission of the terrorist attacks by providing financial services to customers who were allegedly affiliated with Hamas and who had helped further Hamas's goals.

In the District Court, BLOM repeatedly argued that the facts alleged in plaintiffs' complaint were insufficient to state a claim of aiding and abetting under JASTA. Before moving to dismiss the complaint, BLOM made this argument to the District Court in a required premotion letter. See 1 App. 142–147. Plaintiffs responded that they would stand on their allegations as pleaded. See *id.*, at 148–155. At a subsequent, premotion conference, plaintiffs' counsel reaffirmed their clients' position, telling the District Court that they were "prepared to brief [their opposition to a motion to dismiss] based on the arguments presented in the pre-motion letter," and that they "would not seek leave to amend" if the court dismissed their complaint. App. to Pet. for Cert. 93–94.

BLOM moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). At a hearing on the motion, the District Court reminded plaintiffs' counsel that they had not requested an opportunity to replead and specifically asked whether this meant that the complaint contained everything the court would "need to consider in terms of sufficiency of [plaintiffs'] pleading." *Id.*, at 124. Plaintiffs' counsel confirmed that they did not intend to add any additional facts. *Id.*, at 125.

The District Court dismissed the complaint with prejudice and so denied leave to amend. The court held, as relevant here, that plaintiffs had not "plausibly allege[d] the general awareness . . . elemen[t] necessary to plead JASTA aiding-and-abetting liability." 432 F. Supp. 3d 253, 257 (EDNY 2020). In the District Court's view, "it [was] not enough for

Plaintiffs to plausibl[y] allege that BLOM was generally aware of [its] role in terrorist activities, from which terrorist *attacks* were a natural and foreseeable consequence." *Id.*, at 264 (internal quotation marks omitted). Rather, plaintiffs needed to "plausibly alleg[e] that, by providing financial services to [specific customers], BLOM generally assumed a role in Hamas' violent or life-endangering activities," and plaintiffs had failed to do so. *Id.*, at 265. And, the court explained, leave to amend was unwarranted because "Plaintiffs . . . d[id] not request leave to amend"; "specifically declined the Court's offer to do so at the pre-motion conference"; and further failed to "identif[y] any additional facts they could allege which would address the deficiencies in their complaint." *Id.*, at 270–271. The District Court thus made an exception to its usual practice of "grant[ing] plaintiffs an opportunity to amend their complaints following dismissal." *Id.*, at 270.

Plaintiffs appealed to the Second Circuit, arguing that they had pleaded facts sufficient to support their aiding-and-abetting claim.* The Second Circuit concluded that the District Court had misinterpreted the general-awareness element to impose an unduly high foreseeability requirement. 6 F. 4th 487, 497–498 (2021). But, even applying its less exacting standard, the Second Circuit determined that the facts alleged in the complaint "d[id] not plausibly support an inference that [BLOM] had the requisite general awareness at the time that it provided banking services" to the customers allegedly affiliated with Hamas. *Id.*, at 501. The court thus affirmed the District Court's judgment of dismissal. *Id.*, at 503.

B

Plaintiffs returned to the District Court, and moved under Rule 60(b)(6) to vacate the court's then-affirmed final judg-

---

*Plaintiffs did not appeal the "with prejudice" aspect of the District Court's dismissal.

ment so that they could file an amended complaint. They argued that the District Court should give them an opportunity to meet the standard outlined by the Second Circuit. 2022 WL 1062315, *3 (EDNY, Apr. 8, 2022).

The District Court denied their request. Specifically, it rejected plaintiffs' contention that "the Second Circuit's clarification of the aiding-and-abetting standard" constituted "'extraordinary circumstances'" sufficient to justify relief under Rule 60(b)(6). *Ibid.* That argument, according to the District Court, ignores the principle that "'a mere change in decisional law does not constitute an "extraordinary circumstance."'" *Ibid.* In any event, the District Court continued, any amendment would likely be futile because it was "not clear" that plaintiffs could succeed "[e]ven under the clarified standard" laid out by the Second Circuit. *Ibid.*, n. 3.

The District Court added that plaintiffs' litigation choices further counseled against relief under Rule 60(b)(6). The court explained that plaintiffs "had ample opportunity to pursue all legal avenues available to them for relief," and sought postjudgment amendment despite having "declin[ed] two prior opportunities" to amend their complaint in the ordinary course, and "after unsuccessfully appealing the dismissal of that complaint with prejudice." *Id.*, at *3. The District Court declined to overlook "Plaintiffs' documented series of deliberate choices not to cure the deficiencies identified in their pleading." *Id.*, at *4.

On appeal, the Second Circuit again disagreed with the District Court. It acknowledged that "[a] plaintiff is ordinarily entitled to Rule 60(b)(6) relief" only under "'extraordinary circumstances.'" 2024 WL 852265, *2 (Feb. 29, 2024). But, it asserted, when a party seeks vacatur under Rule 60(b) "'to obtain leave to file an amended complaint, special considerations come into play.'" *Ibid.* In that circumstance, the court held, "the district court must give 'due regard' to '*both* [Rule 60(b)'s] philosophy favoring finality of

judgments . . . and the liberal amendment policy of Rule 15(a),'" *ibid.*, which requires courts to "freely give leave" to amend pleadings before trial "when justice so requires," Fed. Rule Civ. Proc. 15(a)(2). In other words, courts must "balance" the competing standards by "consider[ing] Rule 60(b) finality and Rule 15(a) liberality in tandem." 2024 WL 852265, *2. The Second Circuit held that the District Court had abused its discretion by "incorrectly treat[ing] Plaintiffs' motion to vacate and amend as calling for two distinct analyses, requiring Plaintiffs to successfully navigate Rule 60(b)'s finality gauntlet before they could invoke Rule 15(a)'s liberal repleading policy." *Ibid.* We granted certiorari. 603 U. S. 949 (2024).

## II

Relief under Rule 60(b)(6) requires extraordinary circumstances. That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint. Rather, a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply. Because the Second Circuit's balancing approach conflates this order of operations and dilutes Rule 60(b)(6)'s well-established standard, we must reject it.

## A

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. See Rules 60(b)(1)–(5). Rule 60(b) also includes a "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "'any other reason that justifies relief.'" *Kemp* v. *United States*, 596 U. S. 528, 533 (2022). A party seeking relief based on the grounds covered by paragraphs (1) through (3)—*i. e.*, mistake or excusable neglect, new evidence, or fraud—faces a 1-year limitations period. See Fed. Rule Civ.

Proc. 60(c)(1). That time bar, however, does not apply to motions for relief filed under Rule 60(b)'s other paragraphs, including Rule 60(b)(6). *Ibid.*

The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances. Rule 60(b)(6) is a catchall that follows paragraphs (1) through (5). It covers "any *other* reason" that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and "b[e] used to circumvent" their time bars. *Liljeberg* v. *Health Services Acquisition Corp.*, 486 U. S. 847, 863, n. 11 (1988). Such a broad interpretation of Rule 60(b)(6) would thus violate a "cardinal principle of statutory construction" by making the preceding paragraphs and their limitations periods "superfluous." *Duncan* v. *Walker*, 533 U. S. 167, 174 (2001) (internal quotation marks omitted); see also *Fischer* v. *United States*, 603 U. S. 480, 493 (2024) (avoiding an "unbounded interpretation" of catchall provision that would "render superfluous" a "reticulated list" of provisions). Thus, we have repeatedly held that relief under Rule 60(b)(6) is available "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U. S., at 533 (citing *Liljeberg*, 486 U. S., at 863, n. 11).

But, "[e]ven then, '"extraordinary circumstances"' must justify reopening." *Kemp*, 596 U. S., at 533. The Court identified such circumstances for the first time in *Klapprott* v. *United States*, 335 U. S. 601 (1949), decided shortly after Rule 60(b)(6)'s adoption. There, the petitioner sought to set aside a default judgment entered in denaturalization proceedings. See *id.*, at 603 (opinion of Black, J.). His "allegations set up an extraordinary situation": The petitioner was "in jail . . . , weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one," and "disturbed and fully occupied in efforts to protect himself against the gravest criminal charges" in separate proceedings. *Id.*,

at 613–614. He was therefore "no more able to defend himself" in the denaturalization proceedings "than he would have been had he never received notice of the charges." *Id.*, at 614. On these facts, the Court found that relief under Rule 60(b)(6) was justified. *Id.*, at 614–616.

The Court underscored the stringency of the "extraordinary circumstances" test a year later in *Ackermann* v. *United States*, 340 U. S. 193 (1950). The petitioner there had suffered an adverse denaturalization judgment and declined to appeal. *Id.*, at 195. Four years later, he sought to vacate the judgment under Rule 60(b)(6), alleging that it was erroneous, and that he had declined to appeal due to expense and the advice of a third party. *Id.*, at 195–197. The Court held these circumstances insufficient to satisfy Rule 60(b)(6)'s strict standard. *Id.*, at 197. Compared to the situation in *Klapprott*, the *Ackermann* petitioner's allegations highlighted "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." 340 U. S., at 202. The Court emphasized the importance of a Rule 60(b)(6) movant's faultlessness, explaining that "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.*, at 198; see also, *e. g.*, 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, Moore's Federal Practice § 60.48[3][b], p. 60–188 (3d ed. 2024) ("In a vast majority of the cases finding that extraordinary circumstances do exist . . . , the movant is completely without fault for his or her predicament").

Our more recent cases have consistently reaffirmed that Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Liljeberg*, 486 U. S., at 864; see *Kemp*, 596 U. S., at 533; *Tharpe* v. *Sellers*, 583 U. S. 33, 35 (2018) (*per curiam*); *Buck* v. *Davis*, 580 U. S. 100, 123 (2017); *Christeson* v. *Roper*, 574 U. S. 373, 380 (2015) (*per curiam*); *Pioneer Investment Services Co.* v. *Brunswick Associates L. P.*, 507

U. S. 380, 393 (1993). " 'This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.' " *Gonzalez* v. *Crosby*, 545 U. S. 524, 535 (2005) (quoting *Liljeberg*, 486 U. S., at 873 (Rehnquist, C. J., dissenting)).

B

The Rule 60(b)(6) standard does not change when a party seeks to reopen his case to amend his complaint. In that circumstance, satisfaction of Rule 60(b)(6) necessarily precedes any application of Rule 15(a). Cf. *Waetzig* v. *Halliburton Energy Services, Inc.*, 604 U. S. 305, 311 (2025) (explaining that motion to vacate under Rule 60(b) "must be addressed before any subsequent jurisdictional questions [are] considered"). Rule 15(a)'s liberal amendment policy therefore cannot weaken Rule 60(b)(6)'s "extraordinary circumstances" standard.

Rules 60(b) and 15(a) apply at different stages of litigation and demand separate inquiries. Rule 15(a) governs pretrial amendments, and sets forth a standard under which courts "should freely give leave when justice so requires." Rule 15(a)(2). The Rule's "purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1471, p. 587 (3d ed. 2010) (Wright & Miller). That standard, however, does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend. Accord, *e. g.*, *Boyd* v. *Secretary, Dept. of Corrections*, 114 F. 4th 1232, 1237 (CA11 2024) ("[O]nce the court has entered final judgment, Rule 15(a) no longer applies and no amendment is possible unless the judgment is first set aside"). A contrary approach "would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." 6 Wright & Miller § 1489, at 816.

Thus, we disagree with the Second Circuit's holding that the District Court should have used a hybrid standard to "consider Rule 60(b) finality and Rule 15(a) liberality in tandem." 2024 WL 852265, *2. It is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies when a party seeks relief from final judgment. A party seeking Rule 60(b)(6) relief must always demonstrate "extraordinary circumstances" justifying relief, see *Kemp*, 596 U. S., at 533 (internal quotation marks omitted); what he intends to do if his case is reopened does not alter that standard, see *supra*, at 211, 213; cf., *e. g.*, *In re Ferro Corp. Derivative Litigation*, 511 F. 3d 611, 624 (CA6 2008) ("Plaintiffs must first meet the threshold requirement of 60(b)(6)'s extraordinary or exceptional circumstances to vacate the judgment before seeking to conduct discovery"). In other words, the District Court was correct to "trea[t] Plaintiffs' motion to vacate and amend as calling for two distinct analyses," with the question of vacatur under Rule 60(b)(6) preceding that of repleading under Rule 15(a). 2024 WL 852265, *2; accord, *e. g.*, *Daulatzai* v. *Maryland*, 97 F. 4th 166, 179 (CA4 2024) ("[W]hen the motion to vacate is filed under Rule 60(b), the more restrictive standard for granting that motion must be satisfied before consideration can be given to the motion to amend").

None of our analysis, however, should be taken to suggest that a district court contravenes Rule 60(b) merely by *considering* a movant's desire to amend his complaint. For example, where a party seeks vacatur in order to amend its pleadings, a district court is free to cite Rule 15 and acknowledge amendment-related considerations, such as whether a movant has had the opportunity to amend, and the amendment standard that the party will eventually have to meet if the Rule 60(b) motion is granted. What a district court may not do is what the Second Circuit demanded here: dilute Rule 60(b)(6)'s stringent standard by "balanc[ing]" it with "Rule 15(a)'s liberal pleading principles." 2024 WL 852265, *2.

### C

Plaintiffs insist that the Second Circuit's approach is consonant with Rule 60(b)(6) and our precedents interpreting that provision, but their arguments are unpersuasive.

Balancing the strict standards of Rule 60(b)(6) against the more relaxed standards of Rule 15 necessarily weakens the former, and is thus incompatible with our long line of precedents holding that Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Liljeberg*, 486 U. S., at 864; accord, 6 Wright & Miller § 1489, at 816. Even the Second Circuit appeared to acknowledge that its test departed from the "ordinar[y]" approach to Rule 60(b)(6) under which a plaintiff may receive relief only by demonstrating "'extraordinary circumstances'" and showing that "'the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" 2024 WL 852265, *2.

Nor does this Court's decision in *Foman* v. *Davis*, 371 U. S. 178 (1962), help plaintiffs. The *Foman* Court held that the District Court's denial of the petitioner's motions to vacate the court's judgment and amend her complaint rested on "technicalities" that ran contrary to "the spirit of the Federal Rules of Civil Procedure." *Id.*, at 181–182. But, *Foman* dealt with Rule 59(e), not Rule 60(b), *id.*, at 181, and "Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here," *Banister* v. *Davis*, 590 U. S. 504, 518 (2020). Most relevant, a Rule 60(b) motion "threaten[s] an already final judgment with successive litigation," *id.*, at 519, and a motion under Rule 60(b)(6) in particular may threaten final judgments years after they are entered. See Rule 60(c)(1). In contrast, "[t]he filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment,'" and "[o]nly the disposition of that motion 'restores th[e] finality' of the original judgment." *Banister*, 590 U. S., at 508. Because Rule 59(e) does not threaten the finality of judgments to the same degree that

Rule 60(b)(6) does, we do not require a movant to show the same "extraordinary circumstances" to receive relief. See *Foman*, 371 U. S., at 181–182.

## III

We also disagree with the Second Circuit's disposition of this case. District courts' Rule 60(b) rulings are reviewed "only for abuse of discretion." *Browder* v. *Director, Dept. of Corrections of Ill.*, 434 U. S. 257, 263, n. 7 (1978). That standard is "limited and deferential." *Gonzalez*, 545 U. S., at 535. To be upheld, a district court's decision need only "'appl[y] the correct legal standard and offe[r] substantial justification'" for its conclusion. *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405 (1990). The District Court's determination that plaintiffs failed to "demonstrat[e] any extraordinary circumstances warranting relief under Rule 60(b)(6)," 2022 WL 1062315, *3, easily clears that bar.

For the reasons we have explained, the District Court was correct to "evaluat[e] Plaintiffs' motion under only Rule 60(b)'s standard." 2024 WL 852265, *2; see *supra*, at 211–214. And, the District Court offered persuasive justifications for finding that standard unsatisfied—that the Second Circuit's clarification of the test for aiding-and-abetting liability did not "constitute extraordinary circumstances," particularly when plaintiffs were unlikely to succeed under that standard, and that plaintiffs' "series of deliberate choices not to cure the deficiencies identified in their pleading" also cut against them. 2022 WL 1062315, *3–*4, and n. 3; see *supra*, at 209. Those justifications follow from core tenets of Rule 60(b) doctrine. See, *e. g.*, *Agostini* v. *Felton*, 521 U. S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"); *Pioneer Investment Services*, 507 U. S., at 393 ("'extraordinary circumstances'" must suggest that the movant is "faultless in the delay").

The District Court's decision therefore fell within the "'wide range of choice'" afforded under the abuse-of-discretion standard. *McLane Co.* v. *EEOC*, 581 U. S. 72, 83 (2017). The Second Circuit erred in holding otherwise.

\*    \*    \*

The judgment of the Second Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE JACKSON, concurring in part and concurring in the judgment.

I join all but Part III of the Court's opinion. I agree with the Court's conclusion that, when a district court considers "a movant's desire to amend his complaint" in the context of a motion to reopen a case under Federal Rule of Civil Procedure 60(b)(6), the Rule 60(b)(6) standard, rather than the Rule 15(a) standard, applies. *Ante*, at 214. Given the deference owed to lower courts with respect to Rule 60(b)(6) determinations, I also agree that the District Court did not abuse its discretion in denying reopening here. *Ante*, at 216–217.

I write separately to emphasize that our affirmance of the District Court's denial of reopening in this case does not require accepting all aspects of the District Court's reasoning. In particular, I think the District Court was wrong to fault plaintiffs for making a "deliberate choic[e]" to appeal the dismissal of their complaint in lieu of accepting various predismissal opportunities to cure purported pleading deficiencies. 2022 WL 1062315, \*4 (EDNY, Apr. 8, 2022). The District Court based that aspect of its reopening determination on our opinion in *Ackermann* v. *United States*, 340 U. S. 193 (1950). But, as I explain below, the "choice" that plaintiffs made—declining to amend—does not categorically preclude Rule 60(b)(6) relief under that precedent.

I

Rule 60(b) permits district courts to reopen cases after the entry of a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez* v. *Crosby*, 545 U. S. 524, 528 (2005). This Rule " 'attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.' " *Waetzig* v. *Halliburton Energy Services, Inc.*, 604 U. S. 305, 309 (2025) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2851, p. 286 (3d ed. 2012)).

The sixth paragraph of Rule 60(b) is the provision at issue here; it is a "catchall" that permits reopening for reasons not covered in the Rule's preceding five paragraphs. *Kemp* v. *United States*, 596 U. S. 528, 533 (2022). The opening paragraphs of subsection (b) specifically enumerate various bases for relief: mistake, newly discovered evidence, fraud, and the voiding or satisfaction of a judgment. Fed. Rules Civ. Proc. 60(b)(1)–(5). Then, under paragraph (6), a court may, "[o]n motion and just terms," reopen a judgment, order, or proceeding for "any other reason that justifies relief," Rule 60(b)(6), provided that the motion is filed "within a reasonable time," Rule 60(c)(1).

Because of the "mutually exclusive" nature of Rule 60(b)'s provisions, *Pioneer Investment Services Co.* v. *Brunswick Associates L. P.*, 507 U. S. 380, 393 (1993), this Court has long held that "relief under Rule 60(b)(6) is available only in narrow circumstances," *ante*, at 211. We have thus required Rule 60(b)(6) movants to demonstrate that " " "extraordinary circumstances" " " justify reopening the case. *Kemp*, 596 U. S., at 533. In this Court's first case applying Rule 60(b)(6), we concluded that reopening was warranted where a movant alleged "an extraordinary situation"—namely, that he had been stripped of his citizenship by default judgment while he was, among other things, incarcerated and in ill health. *Klapprott* v. *United States*, 335 U. S. 601, 613–614 (1949) (opinion

of Black, J.). The Court considered a similar Rule 60(b)(6) request for reopening in the context of a denaturalization proceeding one year later in *Ackermann*—and reached a different outcome: We upheld the denial of the Rule 60(b)(6) motion, expressly distinguishing *Klapprott*. 340 U. S., at 199–200. Critically, the movant in *Ackermann* had sought reopening only after "ma[king] a considered choice not to appeal" the adverse judgment. *Id.*, at 198. Given the need for "an end to litigation someday," we explained that a movant "cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong." *Ibid.*

Under this line of precedent, the Court has concluded that "due diligence" by the movant is a prerequisite to obtaining Rule 60(b)(6) relief. *Liljeberg* v. *Health Services Acquisition Corp.*, 486 U. S. 847, 863, n. 11 (1988). For that reason, we have consistently found reopening inappropriate where, as in *Ackermann*, a movant deliberately terminated the underlying litigation. A decade after *Ackermann*, for example, we held that a Rule 60(b)(6) movant who had "abandoned" his appeal from a denaturalization judgment due to its perceived "small likelihood of . . . success" was not entitled to reopening under Rule 60(b)(6) where he could not otherwise demonstrate extraordinary circumstances. *Polites* v. *United States*, 364 U. S. 426, 432–433 (1960). More recently, we found reopening inappropriate when a movant had "abandoned any attempt to seek review of" the decision in question. *Gonzalez*, 545 U. S., at 537; cf. *Pioneer Investment Services*, 507 U. S., at 393 (explaining that, to obtain Rule 60(b)(6) relief more than one year after the entry of a final judgment, a party must be "faultless in the delay").

## II

### A

Relying on *Ackermann*, the District Court below suggested that plaintiffs could not demonstrate extraordinary

circumstances because they had made a "documented series of deliberate choices not to cure the deficiencies identified in their pleading." 2022 WL 1062315, *4 (citing *Ackermann*, 340 U. S., at 198). The District Court thus faulted plaintiffs for believing that their complaint alleged sufficient facts and declining to amend it; they opted instead to seek clarification from the appeals court regarding the sufficiency of their pleading. See 2022 WL 1062315, *3 ("Fundamentally, Plaintiffs seek to amend their complaint after declining two prior opportunities to do so, and after unsuccessfully appealing the dismissal of that complaint with prejudice").

In my view, the District Court should not have assumed that *Ackermann*'s lack-of-due-diligence principle applies under these circumstances. Plaintiffs did not "abando[n]" this litigation. *Gonzalez*, 545 U. S., at 537; *Polites*, 364 U. S., at 433. Instead, they diligently pursued their "'statutory right'" to appeal on the grounds that, in their view, the District Court had mistakenly concluded their complaint was insufficient. *Waetzig*, 604 U. S., at 314.

To be sure, the courts below did ultimately find that the factual allegations in plaintiffs' complaint were deficient. But that just means that plaintiffs were overconfident about the strength of their pleading and their prospect of success on appeal. A misstep of this nature is not abandonment— far from it—and the fact that a plaintiff opts to appeal does not alone preclude Rule 60(b)(6) relief, provided that he can otherwise demonstrate extraordinary circumstances and has not exhibited "neglect or lack of due diligence." *Liljeberg*, 486 U. S., at 863, n. 11; cf. *Buck* v. *Davis*, 580 U. S. 100, 123– 126 (2017) (holding that the use of race-based considerations at sentencing in a capital case was an extraordinary circumstance warranting reopening even though the movant's counsel had introduced the evidence in question).

The bottom line, jurisprudentially, is that courts should refrain from reflexively denying reopening for amendment purposes when a Rule 60(b)(6) movant's only purported

"fault" was a prior decision not to amend the complaint.
See S. Dodson, Rethinking Extraordinary Circumstances,
106 Nw. U. L. Rev. 377, 386 (2012) (arguing that *Ackermann*
should preclude reopening only with respect to "those movants who deliberately stop pursuing their claims").

## B

A plaintiff may have good reasons for seeking clarification
from the appeals court before taking the significant step of
amending his pleading. In this case, for example, plaintiffs
allege that BLOM Bank SAL "aided and abetted Hamas's
commission of" certain "terrorist attacks by providing financial services to customers who were allegedly affiliated
with Hamas and who had helped further Hamas's goals."
*Ante*, at 207. These are serious allegations. One would
reasonably expect plaintiffs to exercise great caution before
making additional factual assertions that further link BLOM
to alleged terrorist activities. See Fed. Rules Civ. Proc.
11(b)–(c).

Moreover, and importantly, denying reopening after appeal merely because the plaintiff previously declined to
amend the complaint risks undermining the "'statutory
right' to take an appeal from any 'final decision'" of a district
court. *Waetzig*, 604 U. S., at 314. If a plaintiff is necessarily at fault for Rule 60(b)(6) purposes just because he exercised his right to appeal, then plaintiffs will be disincentivized to go to the courts of appeals even when they reasonably
believe the allegations in their pleadings are sufficient.
That outcome not only divests them of their right to appellate review, but could also leave important legal questions
regarding pleading sufficiency unanswered.

It is particularly inappropriate to deny Rule 60(b)(6) reopening based on a prior refusal to amend where a clear,
intervening change in the law supplies the necessary "extraordinary circumstances." Cf. *Kemp*, 596 U. S., at 540
(SOTOMAYOR, J., concurring) (detailing this Court's "settled

precedents" recognizing "the availability of Rule 60(b)(6) to reopen a judgment in extraordinary circumstances, including a change in controlling law"). To treat the plaintiff's prior refusals to amend as dispositive in such a situation would be manifestly inconsistent with "the preference expressed in the Federal Rules of Civil Procedure in general . . . for resolving disputes on their merits." *Krupski* v. *Costa Crociere S. p. A.*, 560 U. S. 538, 550 (2010).

\* \* \*

This Court reviews the denial of a Rule 60(b) motion only for an abuse of discretion, and does not opine here, in the first instance, as to whether these plaintiffs have demonstrated extraordinary circumstances. *Ante*, at 216. The District Court's primary justification for denying plaintiffs' motion to reopen was that the Second Circuit's "clarification" of the applicable legal standard did not qualify as an extraordinary circumstance, particularly when plaintiffs were unlikely to prevail "[e]ven under the clarified standard." 2022 WL 1062315, \*3, and n. 3. I concur in today's judgment because I agree that the District Court did not abuse its discretion with respect to denying Rule 60(b)(6) relief on that basis. But I find the District Court's alternative ground for denying reopening—that plaintiffs were at fault because they declined prior opportunities to amend their complaint—neither "persuasive" nor consistent with "core tenets of Rule 60(b) doctrine." *Ante*, at 216. Assuming extraordinary circumstances otherwise exist, a plaintiff should not be faulted under Rule 60(b)(6) for reasonably having chosen to appeal rather than amend his complaint.

## Reporter's Note

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

None